**Larry Alan HARPER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8498.**

United States Court of Appeals
Tenth Circuit.

Oct. 27, 1966.

John K. Harlin, Jr., Tulsa, Okl., for appellant.

Hugh V. Schaefer, Asst. U. S. Atty. (John M. Imel, U. S. Atty., on the brief), for appellee.

Before PHILLIPS and HICKEY, Circuit Judges, and DOYLE, District Judge.

PHILLIPS, Circuit Judge.

On March 24, 1964, Harper, in writing and in open court, waived prosecution by indictment and consented to be charged by information with a violation of the Dyer Act (18 U.S.C.A. § 2312). Thereupon, an information was filed, charging him with the unlawful transportation in interstate commerce of a motor vehicle, knowing the same to have been stolen. On the same day, Harper was arraigned and entered a plea of guilty to the information.

Before entering such plea, Harper had been advised by the Assistant United States Attorney that the maximum sentence a court could impose on a plea of guilty to the charge was a $5,000 fine and imprisonment for a period of five years.

On March 24, 1964, Harper was sentenced on his plea of guilty, under the provisions of the Federal Youth Corrections Act (§§ 5010(b) and 5017(c)) "to the custody of the Attorney General or his authorized representative for treatment and supervision * * * until discharged by the Federal Youth Correction Division of the Board of Parole * * *."

A court-appointed counsel was present and represented Harper when such waiver was made, plea entered, and sentence imposed.

Harper was confined at the Federal Reformatory at El Reno, Oklahoma. On June 15, 1965, he filed a motion under 28 U.S.C.A. § 2255, to vacate such sentence on the ground that he was not advised at the time of his plea of guilty or at the time of the imposition of such sentence that on such plea of guilty he could be sentenced under the Youth Corrections Act and held in custody thereunder for a potential maximum period of six years, whereas the maximum term of imprison-

ment provided by § 2312, supra, for a violation thereof is five years. The motion to vacate came on for hearing on July 27, 1965. At such hearing, the sentencing court did not accord Harper an evidentiary hearing, but only considered the records and the files in the criminal case. It found therefrom that prior to the entry of the plea of guilty, the Assistant United States Attorney had advised Harper "that the maximum sentence the court could impose on a plea of guilty was a $5,000 fine and 5 years' imprisonment" and that "an examination of the files, records and proceedings in the criminal case show[s] conclusively that the petitioner (Harper) was not advised prior to his plea of guilty of the sentencing provisions of the Federal Youth Corrections Act, which sentencing provisions could exceed the maximum" term of imprisonment provided in § 2312, supra, and announced his conclusion that the sentence under the Federal Youth Corrections Act "was invalid" and should be vacated.

Counsel then requested the sentencing court to vacate such sentence and moved that Harper be allowed to withdraw his plea of guilty on the ground that it was not made voluntarily and understandingly.

The court, without an evidentiary hearing, denied the motion to withdraw the plea of guilty, vacated the sentence imposed under the Federal Youth Corrections Act, sentenced Harper under § 2312, supra, to imprisonment for a term of five years, and refused to give Harper credit for the period of 16 months he had been confined under the original sentence. From the latter sentence Harper has appealed, and assigns as error the refusal of the court to accord him an evidentiary hearing on the motion to withdraw his plea of guilty and the imposition of the five-year sentence under § 2312, supra.

The sentencing court apparently attempted to justify its imposition of the five-year sentence by recitals in its order disposing of the motion to vacate, to the effect that Harper primarily complained and asserted in such motion that the maximum period of potential custody under the sentence imposed under the Federal Youth Corrections Act was six years and exceeded the maximum period of imprisonment provided for in § 2312, supra, and that he was not aware that the potential period of custody under such sentence was six years when he entered his plea of guilty; that Harper did not allege "that his plea of guilty was otherwise involuntary"; that the records and files in the case show that Harper's plea was "otherwise voluntary"; and that Harper's only ground of attack on such sentence was "the length" thereof.

We do not think Harper's motion to vacate, apparently prepared without the aid of counsel, should be so narrowly construed, but be that as it may, Harper, through his counsel at the hearing on such motion, moved the court for permission to amend such motion by interlineation, so as to raise the claim that the plea of guilty was also invalid and to seek as additional relief permission to withdraw his plea of guilty. The court ruled that Harper might do that by oral motion, and that the court would consider the claim that the plea of guilty was invalid and the request for permission to withdraw the plea of guilty.

Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., in part here pertinent, reads:

> "The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."

■ Before accepting a plea of guilty, the court should either advise the defendant, or be certain that the defendant has been advised, of the consequences of a plea of guilty.[1]

■ One of the consequences, with respect to which the defendant should be advised, is the maximum sentence which

---

1. See Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009; Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473.

may be imposed on a plea of guilty, and when, as here, a different sentence may be imposed under two applicable statutory provisions, the maximum sentence that might be imposed under each of such provisions.[2]

Here, the sentencing court found that the records and files in the criminal proceedings showed that Harper was not advised by the judge before the entry of his plea of guilty and the imposition of sentence under the Federal Youth Corrections Act that he could be sentenced under such Act, and that the potential maximum period of custody under such sentence could be six years; and on the contrary that he was affirmatively advised that the maximum sentence which could be imposed on his plea of guilty was a fine of $5,000 and imprisonment for a period of five years.

However, under the holding of this court in Chapin v. United States, 10 Cir., 341 F.2d 900, those facts did not render Harper's plea of guilty "involuntary as a matter of law."

■ Whether or not Harper's plea of guilty was made voluntarily and understandingly presents a question of fact, to be determined after an inquiry. A hearing may disclose that Harper, before entering his plea of guilty, was actually aware of the potential term of custody under a sentence imposed under the Federal Youth Corrections Act. He may have been informed by his court-appointed counsel, by the probation officer, or someone else.[3]

We conclude that Harper was entitled to an evidentiary hearing on the question of whether his plea of guilty was voluntarily and understandingly entered, and that he is entitled to relief, both under 28 U.S.C.A. § 2255 and Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[4]

On such a hearing, should the court find that Harper, at the time the plea of guilty was entered, was actually aware of the potential term of custody under a sentence imposed under the Federal Youth Corrections Act, and the plea of guilty was voluntarily and understandingly entered by Harper, then it may resentence him under the provisions of § 2312, supra, but the term of such sentence, when aggregated with the term of confinement served by Harper under the sentence imposed under the Federal Youth Corrections Act, plus credit for the good time earned under such sentence, should not exceed the statutory maximum of five years; or it may resentence Harper under the provisions of the Federal Youth Corrections Act, but in that event it should expressly provide in the sentence that the date of Harper's unconditional discharge under 18 U.S.C.A. § 5017(c) shall not be later than six years from March 24, 1964, the date of the imposition of Harper's original sentence under the Federal Youth Corrections Act. See Tinin v. United States, 10 Cir., 361 F.2d 829.

Reversed and remanded, with instructions to vacate the sentence imposed under § 2312, supra; grant Harper an evidentiary hearing on his motion to withdraw the plea of guilty; determine whether Harper is entitled to relief either under 28 U.S.C.A. § 2255, or under Rule 32(d), supra, or both; and proceed further in accordance with the views herein expressed.

**2.** Pilkington v. United States, 4 Cir., 315 F.2d 204, 208, 209; United States v. Lester, 2 Cir., 247 F.2d 496, 500; Freeman v. United States, 9 Cir., 350 F.2d 940, 942; See also, Von Moltke v. Gillies, 332 U.S. 708, 724, 86 S.Ct. 316, 92 L.Ed. 309; Munich v. United States, 9 Cir., 337 F.2d 356, 361.

**3.** Pilkington v. United States, 4 Cir., 315 F.2d 204, 209.

**4.** Pilkington v. United States, 4 Cir., 315 F.2d 204, 209.