**Rickey TURNER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Misc. No. 1673.**

United States District Court, E. D. Louisiana, New Orleans Division.

Dec. 31, 1970.

William L. Crull, III, New Orleans, La., for petitioner.

Joseph R. McMahon, Jr., Asst. U. S. Atty., for respondent.

CASSIBRY, District Judge:

Rickey Turner pleaded guilty in open court on June 21, 1967 to two counts of an indictment which charged, in four counts, Turner and another person with theft and possession of goods stolen from foreign shipments, in violation of 18 U.S.C. § 659. Sentencing was deferred until July 26, 1967, at which time Turner was sentenced to an indefinite term under the Youth Corrections Act, 18 U.S.C. §§ 5010(b), 5017(c). The two remaining counts of the indictment were dismissed on motion by the Government.

Turner has filed a motion to vacate sentence under 28 U.S.C. § 2255 on the grounds that

(1) He was not advised by the Court of the conditions or provisions of the Youth Corrections Act prior to entering his plea of guilty;

(2) He was under the influence of narcotics at the time of the offense;

(3) He was under the influence of narcotics at the time of pleading guilty, hence his plea was not voluntary;

(4) He did not fully understand the nature and consequences of his plea of guilty;

(5) At the time of pleading guilty, he did not know that illegally seized evidence could not be used at his trial;

(6) The Court did not receive evidence to determine if there was a factual basis for the guilty plea, as required by Rule 11, F.R.Crim.P.

For the reasons which follow, I find no merit in any of these contentions and, accordingly, the motion to vacate sentence must be denied.

A plea of guilty knowingly and voluntarily entered, with the advice of competent counsel, waives all possible defenses other than jurisdictional defects. Carpenter v. Wainwright, 372 F.2d 940 (5th Cir. 1967); Boyd v. Smith, 435 F.2d 153 (5th Cir. 1970). Therefore, any possible defense which Turner might have raised concerning the influence of narcotics at the time of the offense was waived by his plea of guilty if it was knowingly and voluntarily made.

■ At the evidentiary hearing conducted in this matter, Turner testified that he had access to heroin while confined to Orleans Parish Prison awaiting arraignment and sentencing. The last time he had a "fix" before pleading guilty was on June 20, 1967, the day before his arraignment. Turner admitted that, at the time he pleaded guilty, he understood what he was doing and was not sick from a lack of heroin. While he was informed he could be imprisoned for a maximum of ten years on each count, no one informed him of the provisions of the Youth Corrections Act relative to release from custody. He realized that he was waiving his right to a trial by pleading guilty and admitted that no one promised him anything in regard to the nature or length of his sentence. Turner further stated he knew of "other cases" in which the court had given sentences of two or three years for the same offense, and thought he would get about the same sentence. He also testified that his lawyer told him he "would likely be out in six to eight months", and did not tell him he could be in jail for six years. The first time he had any idea of the length of time he might be in jail was when he met with the Parole Board in Tallahassee, Florida in mid-October, 1967. He "doesn't think" he would have pleaded guilty if he had known he would be sentenced to an indeterminate sentence.

■ Turner was sentenced under the Youth Corrections Act to an indeterminate term which could not exceed six years, 18 U.S.C. § 5017(c). The record reflects that Turner was advised he could receive a maximum sentence of ten years on each count. This suffices to inform the defendant of the "consequences" of his plea, as prescribed by Rule 11, F.R.Crim.P. See Rawls v. United States, 330 F.2d 777 (5th Cir.

1964); Cunningham v. United States, 256 F.2d 467 (5th Cir. 1958). Contra: Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963). In addition, it is inconceivable to me that a defendant would plead guilty when faced with a possible ten years imprisonment, yet object to instead receiving a maximum six year sentence. The fact that parole under the Youth Corrections Act is subject to the discretion of the Parole Board is not significant since Turner could have been sentenced to a definite term of ten years, and his parole could have nevertheless been made subject to the discretion of the Parole Board under 18 U.S.C. § 4208(a) (2).

■ Turner's own testimony shows that he was competent at the time he pleaded guilty, and that the plea was knowingly and voluntarily entered. The mere fact that Turner and his counsel may have mis-judged the strength of the Government's case does not render his plea involuntary. Brady v. United States, 397 U.S. 742, 756, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970).

■ Rule 11, F.R.Crim.P., requires that before a plea of guilty is accepted, the court must be "satisfied that there is a factual basis for the plea." The record in this case does not reflect that any evidence was heard before Turner's guilty plea was accepted and sentence pronounced. Turner contends this failure to hear evidence violated Rule 11's requirement that the court be satisfied there is a factual basis for the plea. This requirement was added to Rule 11 by a 1966 amendment, and no cases have been found interpreting the added language. However, the Advisory Committee's note states that the "court should satisfy itself, by inquiry of the defendant or the attorney for the government, *or by examining the presentence report, or otherwise*," that there is a factual basis for the plea. (Emphasis added.) Moreover, while the published note of the Advisory Committee is silent on the subject, it was apparently the unanimous view of the Committee that "a specific finding in the record is unnecessary, and that the pronouncement of judgment is sufficient indication that the required determination has been made." See 45 F.R.D. at 157, 158. While it is customary practice in this Court to receive evidence making out a prima facie case against the defendant before accepting his guilty plea, it does not appear that Rule 11 requires such a ritual. The presentence report on Turner satisfied me that there was a factual basis for his plea.

\* \* \*

It is ordered that the motion to vacate sentence be, and it is hereby, denied.