**Earl ROBINSON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 72–1140.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Aug. 22, 1972.

Decided March 9, 1973.

with him on the brief), for defendant-appellee.

Before SETH, HOLLOWAY and BARRETT, Circuit Judges.

HOLLOWAY, Circuit Judge.

Appellant was convicted in April, 1968, on a guilty plea in the district of Kansas to a charge of bank robbery and putting in jeopardy the lives of bank officers by use of dangerous weapon. 18 U.S.C.A. § 2113(a), (d).[1] The court found that appellant was 19 years of age and suitable for handling under the Federal Youth Corrections Act, 18 U.S.C.A. §§ 5005–5024. The court also found that appellant might not be able to derive maximum benefit from treatment prior to the expiration of six years from the date of conviction, 18 U.S.C.A. § 5010(c), and committed him to the custody of the Attorney General for treatment and supervision for 18 years or until discharged by the Federal Youth Corrections Division. 18 U.S.C.A. § 5017(d).

In November, 1971, appellant moved to vacate his sentence under 28 U.S.C.A. § 2255 on several grounds discussed below. The trial court concluded that the files and records showed conclusively that appellant was entitled to no relief and dismissed the action in December, 1971, without a hearing.

This appeal from that judgment is essentially grounded on contentions that appellant was not properly advised of the consequences of his plea; that counsel was ineffective; that the sentence imposed was contrary to the Youth Corrections Act's procedural provisions and intent; that there was no factual basis or proper finding for the sentence under the Act; and that his sentencing and processing and his incarceration at the penitentiary at Marion, Illinois, were and are unlawful under the Act. We agree with the trial court's conclusion that the contentions did not entitle appellant to relief and affirm.

Duncan J. Cameron, Denver, Colo., for plaintiff-appellant.

Bruce E. Miller, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty.,

---

1. The indictment contained four counts but three remaining counts were dismissed after sentencing.

First, appellant argues that neither the trial court nor his counsel advised him properly of the consequences of his guilty plea. Therefore he says the plea and conviction are invalid under Rule 11, Fed.R.Crim.P. On brief before us the appellant relies heavily on the trial court's failure to advise him of possible sentencing under the Youth Corrections Act. His § 2255 motion alleged that he was told "he would receive the (Youth Act) understood to be, a six (6) year maximum. [Sic]"

The arraignment record does not show mention of sentencing under the Youth Corrections Act before the plea was accepted. Our record shows no reference to such sentencing until the sentencing proceeding about a month after the plea. It was then first brought up in the statement on appellant's behalf by his attorney just before sentence was imposed. The attorney asked the court " . . . to give some very sober consideration to placing this lad under the provisions of the Youth Corrections Act."

Nevertheless, the arraignment record shows that before the guilty plea was accepted the trial court had personally addressed the appellant to ask if he understood a plea of guilty admitted the facts alleged in the count, waived the right of trial by jury and subjected him to punishment within the limits fixed by law, to which appellant answered "Yes." He was also asked whether he understood that the maximum term of imprisonment which might be imposed for violation of "the statutes cited in Count I" (the bank robbery statute) could be imprisonment for as much as 25 years, and appellant answered: "Yes, sir."

The court next inquired whether any lesser punishment had been held out to appellant if he should plead guilty; whether there had been any promise or inducement whatsoever; and whether appellant had been threatened or abused. Appellant personally answered "no" to all these questions. He also acknowledged knowing what he was charged with and that he had done the acts alleged in the indictment. After these responses the plea of guilty was accepted.

██ Rule 11, Fed.R.Crim.P., makes clear the trial court's duty, among other things, of addressing the defendant personally and determining that a guilty plea is made voluntarily with understanding of the nature of the charge and consequences of the plea. One consequence the defendant must be advised of is the maximum sentence that may be imposed on a plea of guilty. Harper v. United States, 368 F.2d 53 (10th Cir.); Chapin v. United States, 341 F.2d 900 (10th Cir.). Where a defendant is sentenced under the Youth Corrections Act to a term potentially longer than the maximum represented to the defendant prior to the plea, such sentence is invalid. Chapin v. United States, supra at 901; see also Harper v. United States, supra, 368 F.2d at 56.

██ While the arraignment record shows no mention of the Youth Corrections Act before the plea was accepted, appellant was clearly advised by the court of the maximum sentence of 25 years. It is this maximum possible sentence that must be brought home to the defendant.[2] Under either the Youth Corrections Act or the bank robbery statute, the 25-year sentence was the absolute maximum sentence that the court

2. In *Harper*, supra 368 F.2d at 55–56, the court stated:
   "One of the consequences, with respect to which the defendant should be advised, is the maximum sentence which may be imposed on a plea of guilty, and when, as here, a different sentence may be imposed under two applicable statutory provisions, the maximum sentence that might be imposed under each of such provisions."

While the possibility of sentencing under the Youth Corrections Act was not mentioned at the arraignment, the 25-year maximum sentence was spelled out to appellant. We are satisfied that this complies with the intent of *Harper* as to the maximum sentence possible being brought out.

could have imposed. See 18 U.S.C.A. § 5010(c); 18 U.S.C.A. § 2113(d).[3]

———◆———

The case bears some similarity to Mordecai v. United States, 137 U.S.App.D.C. 198, 421 F.2d 1133, cert. denied, 397 U.S. 977, 90 S.Ct. 1098, 25 L.Ed.2d 272. There the defendant was advised of a possible sentence under the Act but was not warned nor was he aware that a sentence under it could extend for as long as the period of imprisonment otherwise authorized by law. The court acknowledged that the defendant may well have reasonably assumed that a sentence under the Act would not extend substantially beyond his youth. He was actually sentenced to 20 years under § 5010(c). Nevertheless the court pointed out that he had no guarantee that he would be sentenced under the Act and could have been sentenced to a straight term of imprisonment of up to 45 years. Since he understood he could be sentenced either to a substantial term of imprisonment or to confinement under the Act, Rule 11 was held to have been complied with.

We are likewise satisfied that the Rule was complied with here. The appellant clearly was aware of the nature of the charge and maximum possible sentence. These facts also make untenable the claim that counsel had misinformed the appellant. Appellant acknowledged he understood that the maximum term of imprisonment that could be imposed was 25 years and that his plea subjected him to punishment within the limits fixed by law. Thus appellant was sufficiently aware of the consequences of the plea.

Secondly, appellant contends he was denied effective assistance of counsel. He says his attorney failed to explain the consequences of his plea before it was entered and that the attorney also failed to advise the trial court that the offense was his first felony conviction before sentence was imposed.

■ We have referred to the record of the arraignment and sentencing proceedings above. They conclusively show that appellant was aware of the maximum sentence and that his plea subjected him to such punishment before his plea was accepted. Regardless of the source of his information, appellant can claim no prejudice from an alleged lack of such information from his attorney.

■ The complaint that appellant's counsel failed to advise the court that this was his first felony offense is equally unpersuasive. The sentencing transcript shows that a pre-sentence report was reviewed by the court and also examined by appellant's counsel before the sentencing proceeding. The trial court referred to numerous details in the report and the history of appellant's conduct. No reference was made to any prior felony conviction by the court.

The attorney's statement on appellant's behalf pointed out that appellant had cooperated with the authorities by testifying in another case. He also mentioned that appellant had had family problems. The attorney urged that he should be considered for a sentence under the Youth Corrections Act instead of a long-term sentence such as at Leavenworth Penitentiary. After this statement by his counsel there was no objection nor attempt by appellant to add any further information.

The retained attorney's representation of appellant in no way appears inadequate. The specific allegations made would not, in view of this record, show that the representation was a sham or mockery, depriving appellant of his constitutional right to assistance of counsel.

---

3. 18 U.S.C.A. § 5010(c) provides that on finding that the youth offender may not be able to derive maximum benefit from treatment prior to the expiration of six years from the date of conviction, the court may impose sentence for any further period that may be authorized by law for the offense, or until discharged. 18 U.S.C.A. § 2113(d) provides that one convicted thereunder "shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

See Bruner v. United States, 432 F.2d 931, 933 (10th Cir.). The remaining conclusory averments of ineffectiveness of counsel did not suffice to compel an evidentiary hearing. See Anderson v. United States, 367 F.2d 553, 554 (10th Cir.), cert. denied, sub nom. Reese v. United States, 386 U.S. 976, 87 S.Ct. 1172, 18 L.Ed.2d 137. Thus the charge of inadequacy of counsel was properly rejected by the trial court.

Third, appellant maintains the 18-year sentence imposed was contrary to the Youth Corrections Act's procedural provisions and intent.

Appellant argues that his 18-year sentence is contrary to the Act's purposes of treatment and supervision for youth offenders. No authority is submitted that the statute was in any way violated by the sentence imposed. The Act expressly provides that a finding may be made that the youth offender may not derive maximum benefit from treatment prior to expiration of six years from conviction and that on such a finding, the sentence may be " . . . for any further period that may be authorized by law for the offense . . . ." 18 U.S.C.A. § 5010(c). We see no reason to hold the sentence unlawful in view of the plain terms of the statute.

■ Appellant also contends that there was no factual basis in the pre-sentence report for the finding under § 5010(c) that appellant might not derive maximum benefit from treatment within the six-year period. He says 18 U.S.C.A. § 5014 required sending him to a classification center for study and a report before such a determination by the court. § 5014 expressly refers to "[e]very committed youth offender" in prescribing such procedures and thus its

mandatory provisions do not apply until after a sentence committing a youth offender under the Act. 18 U.S.C.A. § 5010(e) does provide a discretionary procedure for temporary commitment for observation and study before sentencing, but such a procedure is not required.

■ We feel that the statutory finding under § 5010(c) was a part of the sentencing function since it is plainly a prerequisite for the specific sentence imposed.[4] And since the sentence was within the maximum range of punishment allowed by law, the finding is not subject to review. See Smith v. United States, 273 F.2d 462, 467 (10th Cir.), cert. denied, 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729; United States v. Kellerman, 432 F.2d 371, 376 (10th Cir) ; see also United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592. In any event appellant's contentions would lack substance here. The trial court obtained a pre-sentence report. And the court stated reasons for the § 5010(c) finding and sentence by saying that the report showed a long history of incorrigibility and an improper attitude toward authority. The court further noted the serious circumstances of appellant's offense.[5] The procedures and determinations by the sentencing court were reasonable. We are satisfied that the statutory finding and the sentence are valid.

Fourth, appellant argues that his sentence was illegal for failure to comply with 18 U.S.C.A. § 5012. He says that there was no certificate by the Director of the Bureau of Prisons before the trial court or in the record, as § 5012 requires, that proper and adequate treatment facilities and personnel were provided for sentencing under the Youth

---

4. The court complied with the requirement of findings necessary for sentencing under the Act, see 18 U.S.C.A. § 5010(b) ; Rogers v. United States, 326 F.2d 56, 58 (10th Cir.), as well as for imposing the heavier 18-year sentence.

5. The court observed that there was a shot fired by appellant in the perpetration of the robbery. The court stated "[i]t might have been just a warning shot but it certainly indicated that he felt at the time he was in command of the situation by virtue of that loaded pistol he had . . . ."

Corrections Act.[6] Thus we are told that the necessary finding could not be made for sentencing under the Act and that the sentence is illegal.

■ We cannot agree. § 5012 does bar commitment to the Attorney General under the Act until the Director certifies that proper and adequate facilities and personnel have been provided. We believe the certification provision was concerned with the starting point for the use of the Act, and such certification has obviously occurred. See Department of Justice, Federal Prisons— 1957—A Report of the Work of the Federal Bureau of Prisons 9–10, 86 (1958). § 5012 does not say that a certificate must be submitted to the trial court in every case where a youth offender is up for sentencing and we feel that such an interpretation would be unreasonable.

Harvin v. United States, 144 U.S. App.D.C. 199, 445 F.2d 675, cert. denied, 404 U.S. 943, 92 S.Ct. 292, 30 L.Ed.2d 257, is relied on, but the case does not support appellant's position here.[7] The court did state that if proper facilities and personnel were not available, sentence could not be imposed under the Act. Id. at 681 n. 12. This is not to say that the statute requires the Government to furnish a certification to the sentencing court on the availability of facilities and personnel in every youth offender case and we decline to make such an interpretation. We note as to this case that appellant's counsel urged sentencing under the Act without objection by appellant. We conclude that appellant's contention under § 5012 is untenable.

Lastly, appellant argues that he has not received proper classification, treatment and supervision and was improperly sentenced to a penitentiary and sent directly to Marion. Vigorous objection is made to incarceration in the penitentiary at Marion as an improper facility for a youth offender.

■ The trial court sentenced appellant to the custody of the Attorney General for treatment and supervision as provided by 18 U.S.C.A. § 5010(c), not to any particular institution. The Director decides on the transfer and place of treatment and confinement of youth offenders. 18 U.S.C.A. § 5015; see Abernathy v. United States, 418 F. 2d 288 (5th Cir.). The objections as to the handling of appellant after sentencing and to his incarceration at Marion are not cognizable in this § 2255 proceeding before the sentencing court, but must be asserted in a proper habeas suit where the appellant is in custody. See Mordecai v. United States, supra 137 U. S.App.D.C. 198, 421 F.2d at 1139, 1140; Ridenour v. United States, 446 F.2d 57 (9th Cir.); see also Barrett v. Hunter, 180 F.2d 510, 514 (10th Cir.), cert. denied, 340 U.S. 897, 71 S.Ct. 234, 95 L. Ed. 650.

Affirmed.

---

6. 18 U.S.C.A. § 5012 provides:
   "No youth offender shall be committed to the Attorney General under this chapter until the Director shall certify that proper and adequate treatment facilities and personnel have been provided."

7. We have also examined United States v. Alsbrook, 336 F.Supp. 973 (D.D.C.) which appellant has relied on. That court has adopted a recommended procedure including the following requirement:
   "No defendant shall be committed under the Youth Corrections Act unless the Attorney General certifies in advance as to each defendant that a facility is available to provide the type of program and adequate period of treatment contemplated in the particular 5010(e) report."
   336 F.Supp. at 979–980.
   The opinion does not purport to base this local procedure on a statutory requirement and we find none. In any event we feel there is no statutory requirement for such certification in each individual case, as argued by appellant.