**Ricky D. GREEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 81–645, 81–725 and 81–726.**

District of Columbia Court of Appeals.

Submitted May 14, 1982.

Decided June 17, 1982.

10. *See* note 1 *supra.*

William J. Mertens, Public Defender Service, and Andrew L. Lipps, Public Defender Service, and Holly R. Skolnick, Public Defender Service, Washington, D. C., were on the briefs for appellant.

Charles F. C. Ruff, U. S. Atty., Washington, D. C., at the time the brief was filed, and John A. Terry, John Brooks Harrington, and Kathleen E. Voelker, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before NEWMAN, Chief Judge, and KELLY and PRYOR, Associate Judges.

PER CURIAM:

On March 20, 1981, appellant pled guilty to assault with intent to commit robbery (D.C.Code 1973, § 22–501), and assault with a dangerous weapon (D.C.Code 1973, § 22–502) in No. 81–645; to second-degree murder (D.C.Code 1973, § 22–2403) in No. 81–725; and to obstruction of justice (D.C.Code 1973, § 22–703) in No. 81–726. On May 6, 1981, the trial court denied defense counsel's request for a sixty-day study pursuant to § 5010(e) of the Federal Youth Corrections Act, 18 U.S.C. §§ 5005 *et seq.* (1976) (FYCA), stating that appellant would not benefit from sentencing under the FYCA. Appellant was sentenced as an adult.[1]

It is alleged on appeal that the trial court abused its discretion in denying appellant's request for a study pursuant to § 5010(e) of the FYCA and concluding, without information available from such a study, that appellant would not benefit from sentencing under the Act. Finding no abuse of discretion, we affirm.

Section 5010(e) states:

If the court desires additional information as to whether a youth offender will derive benefits from treatment under subsections (b) or (c) it may order that he be committed to the custody of the Attorney General for observation and study at an appropriate classification center or agency. Within sixty days from the date of the order, or such additional period as the court may grant, the Commission shall report to the court its findings.

■ The language of § 5010(e) is plain—a court can, in its discretion, choose to order a § 5010(e) study if it wants further information to aid in its determination of whether a youth offender would benefit from treatment under the FYCA. A court is by no means required to order a § 5010(e) study in every case. *Robinson v. United States,* 474 F.2d 1085, 1090 (10th Cir. 1973). *See, e.g., United States v. Dancy,* 166 U.S. App.D.C. 399, 510 F.2d 779 (1975) ("To assist him in his sentencing decision, the trial judge *elected,* pursuant to 18 U.S.C. § 5010(e), to commit Dancy to a sixty day study. . . ." *Id.* at 401, 510 F.2d at 781 (emphasis added)). It need not do so if it believes such a study is unnecessary.

■ Here, the trial court explicitly stated that it had carefully examined the materi-

---

1. Appellant was sentenced to consecutive terms of imprisonment of fifteen years to life for second-degree murder and five to fifteen years for assault with intent to commit rob-

bery. The court imposed concurrent terms of three to nine years for assault with a dangerous weapon and one to three years for obstruction of justice.

als contained in appellant's file and found them adequate for the purpose of sentencing. Included in appellant's file was a detailed presentence report. Appellant does not dispute the factual accuracy of the report, only the adequacy of the information contained therein. After reviewing the report, we conclude that it contained sufficient information upon which the trial court could rely in making its determination that appellant would not benefit from sentencing under the FYCA. On this record, therefore, the trial court's denial of defense counsel's request for a § 5010(e) study was not an abuse of discretion.

*Affirmed.*