FILED
United States Court of Appeals
Tenth Circuit

January 26, 2015

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

DAVID P. TOKOPH,

     Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

     Respondent - Appellee.

No. 13-2128
(D.C. No. 1:12-MC-00035-MV)
(D. N.M.)

_____

## ORDER
_____

Before **GORSUCH**, **SENTELLE**\*, and **MURPHY**, Circuit Judges.
_____

Appellant's petition for panel rehearing is granted for the limited purpose of correcting an incorrect statutory citation on page 6 of the court's published opinion. A corrected version of the opinion is attached to this order. In all other respects, appellant's petition for panel rehearing is denied.

The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service. As no member of the panel and no judge in regular

---

\* The Honorable David B. Sentelle, Senior Circuit Judge, United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

active service on the court requested that the court be polled, that petition is also denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

December 23, 2014

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

DAVID P. TOKOPH,

      Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent - Appellee.

No. 13-2128

---

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 1:12-MC-00035-MV)**

---

Marc M. Lowry (Evan P. Woodward, with him on the briefs), Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenu, LLP, Albuquerque, New Mexico, for Petitioner-Appellant.

Fred J. Federici, Assistant United States Attorney (Steven C. Yarbrough, Acting United States Attorney, with him on the brief), Albuquerque, New Mexico, for Respondent-Appellee.

---

Before **GORSUCH**, **SENTELLE**,[*] and **MURPHY**, Circuit Judges.

---

**SENTELLE**, Circuit Judge.

---

[*] The Honorable David B. Sentelle, Senior Circuit Judge, United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

_____

In 1974, appellant David Tokoph, then-defendant in a criminal action in the

District of New Mexico, was sentenced under 18 U.S.C. § 5021, the Federal Youth

Corrections Act (repealed in 1984).  In 2012, Tokoph filed a motion to seal and expunge

records of that conviction.  The district court concluded that it had no jurisdiction to grant

the relief prayed in the motion and dismissed.  For the reasons set forth below, we agree

and affirm.

## BACKGROUND

In 1972, at the age of 21, appellant Tokoph engaged in a series of fraudulent loan

transactions resulting in a multi-count indictment on which he was convicted in 1973.

The details of his offenses are not pertinent to the present appeal, but are available at

_United States v. Tokoph_, 514 F.2d 597 (10th Cir. 1975).  The district court in New

Mexico, in light of his age, entered sentence pursuant to the Federal Youth Corrections

Act ("FYCA"), 18 U.S.C. § 5021.  We note that the Act was repealed in 1984, but at the

time of Tokoph's sentencing, it provided that where a "youth offender" as defined in the

statute "has been placed on probation" and met certain statutory criteria, "the court

may . . . in its discretion, unconditionally discharge the offender."  18 U.S.C. § 5021(b).

Such a discharge "shall automatically set aside the conviction, and the court shall issue to

the youth offender a certificate to that effect."  _Id._

Thus the case proceeded.  That is, Tokoph received a probationary sentence under

the FYCA.  In 1982, he was unconditionally discharged, the sentence was set aside, and

2

the court issued him a certificate to that effect. Thus stood the relationship between

Tokoph and his history for approximately the next thirty years. Tokoph then filed in the

District of New Mexico a "motion to seal and expunge records of conviction under

Federal Youth Corrections Act pursuant to 18 U.S.C. § 5021." The United States

opposed. The district court received briefing on the motion, considered the authorities

and the arguments of the parties, and concluded that under governing precedent of this

circuit, the FYCA did not provide any statutory authority to order expungement. After

considering appellant's alternate theory that expungement could be ordered under the

inherent equitable powers of the court, the court determined that it had no authority under

that theory to grant the relief prayed and denied the motion. Tokoph brought the present

appeal.

## ANALYSIS

On appeal Tokoph contends that the district judge misinterpreted and misapplied

the law of the Tenth Circuit. He contends that two decisions of this circuit, *United States*

*v. Bronson*, 449 F.2d 302 (10th Cir. 1971), and *Watts v. Haddon*, 651 F.2d 1354 (10th

Cir. 1981), support his view that 18 U.S.C. § 1521 provides for expungement of criminal

records of youth offenders whose convictions have been "set aside" under the statute.

However, the district judge correctly concluded that neither of those cases so holds.

In *Bronson*, as the district court noted, "the sole issue before the Court was

whether a magistrate judge had misinformed the defendant as to the consequences of a

sentence under the FYCA by suggesting that a defendant held for the entire term of his

3

sentence would be eligible to have his conviction set aside." *United States v. Tokoph*, No. 13-35, slip op. at 3 (D. N.M. June 24, 2013) (sealed). The *Bronson* court concluded that the magistrate judge's statement of the law was incorrect, but "not of sufficient gravity to justify invalidating the plea." 449 F.2d at 305.

In *Watts*, as the district court again correctly observed, "the Tenth Circuit decided whether persons sentenced under the FYCA were being held unlawfully because the Bureau of Prisons and the United States Parole Commission had failed to follow the requirements of the FYCA." *Tokoph*, No. 13-35, slip op. at 3. In a section of the *Watts* opinion not determinative of the issue before the court, but providing background information on the statute, this court in a footnote cited *Bronson* as having "recognized, by implication, that such 'setting aside' of the conviction means that the conviction will be expunged from the defendant's records." 651 F.2d at 1373 n.3. This observation by the *Watts* court in no way affected the court's determination.

It is true, as appellant contends, that in these two opinions this court has at least implied the view advanced by appellant, that is, that the "set aside" provision of the FYCA empowers the courts to effect expungement of the conviction, as well as certifying to its having been set aside. However, as the district court understood, the cases do not state binding precedent. "[A] panel of this court is bound by a *holding* of a prior panel of this court but is not bound by a prior panel's *dicta*." *Bates v. Dep't of Correction*, 81 F.3d 1008, 1011 (10th Cir. 1996) (emphasis added). As we have also stated, "dicta are statements and comments in an opinion concerning some rule of law or legal proposition

4

not necessarily involved nor essential to determination of the case in hand." *United States v. Villareal-Ortiz*, 553 F.3d 1326, 1328 n.3 (10th Cir. 2009) (citing *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1184 (10th Cir. 1995)).

To reiterate the message of the *Bates* decision, we are bound by holdings, not dicta. Each of the two decisions relied upon by appellant provide dicta, not holdings. The expungement question was not germane to the issue before either the *Bronson* or *Watts* court, and neither decision rested upon it. The greater problem for appellant, as recognized by the district court, is not only that the cases upon which he relied presented dicta, but that we have in a later decision entered a holding adverse to appellant's position.

In *United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995), we actually considered and determined whether a conviction that has been "set aside" under the FYCA has been "expunged." The *Wacker* case presented the case in a different context, but it required the same analysis of the same statute as the present appeal. In *Wacker*, a defendant contended that the district court calculating a defendant's criminal history for purposes of sentencing under the United States Sentencing Guidelines improperly included a prior conviction that had been set aside under the FYCA. We accepted the distinction drawn by the Sentencing Commission between convictions that are "set aside" and those that are "expunged." That is, while "expunged convictions are not counted" in the computation of criminal history, previous convictions that have been "set aside . . . for reasons unrelated to innocence or errors of law," are counted. 72 F.3d at 1479 (quoting U.S.S.G.

5

§ 4A1.2, comment n.10).

In accepting the distinction drawn by the Sentencing Commission, we reiterated a definition of "expunge" previously adopted by this court in a different context: "The word expunge generally means the physical destruction of information." *United States v. Johnson*, 941 F.2d 1102, 1111 (10th Cir. 1991). As did the *Wacker* court, we consider a context in which Congress, in the FYCA, has authorized the court to "set aside" a conviction, not one where Congress has authorized us to expunge it.

Before finally determining that the district court correctly construed binding precedent, we note that appellant further argues that "the Supreme Court of the United States has indicated that 18 U.S.C. § 5021 provides authority to seal records." Appellant's Br. 15. In support of this proposition, appellant offers *Tuten v. United States*, 460 U.S. 660 (1983), and *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103 (1983). Examination of these decisions confirms what is candidly suggested by appellant's phrasing: The two decisions at most "indicated" appellant's asserted proposition, they did not hold it. It is true that "[f]ederal courts are bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings . . . ." *Pittsburgh and Midway Coal Min. Co. v. Watchman*, 52 F.3d 1531, 1540 n.10 (10th Cir. 1995) (internal quotations and citations omitted) (abrogated on other grounds). Even affording no force to the words "almost as firmly" in that formulation, upon examination of the precedents offered by appellant, we conclude that they do not bind us to the interpretation he offers. First, as observed above, the *Wacker* case states binding holding. The *Wacker* case is

6

more recent than the Supreme Court, and although from this court, as opposed to the Supreme Court, it is a binding holding offered subsequent to the Supreme Court's dicta. Second, the "dicta" do not appear to be of the considered sort that would compel us to reach the suggested conclusion.

The *Tuten* Court considered whether a conviction under the FYCA was automatically set aside at the conclusion of probation. It concluded that this was not the case. While recognizing that Congress intended to permit the successful FYCA probationer who met the statutory requirements to avoid numerous disabilities resulting from a conviction, it never actually considered whether this was equivalent to or even similar to expungement. The only use of the word "expungement" by the *Tuten* Court was to compare the advantage gained by successful completion of FYCA probation and the setting aside of the conviction to the results from "various state expungement statutes." 460 U.S. at 664–65. Nothing in *Tuten* evidences that the Supreme Court considered and concluded that "setting aside" is fully equivalent to "expungement."

The *Dickerson* Court considered whether a firearms dealer could escape revocation of its license on the ground that one of its officers had been convicted of a felony when the conviction had been expunged under a state procedure. The Court held that the disabilities imposed by the Gun Control Act of 1968, 18 U.S.C. § 922, were not removed by that expungement of a defendant's record. Before us, appellant relies on a sentence fragment from the *Dickerson* opinion that "Congress itself provided for expunction in certain circumstances, *see* 18 U.S.C. § 5021." 460 U.S. at 118. While those words taken

7

out of context are consistent with appellant's view, they are not a holding, and do not in fact reflect the sort of *considered* dicta that we would find almost as binding as a holding. In the next paragraph, the *Dickerson* Court stated, with reference to the firearms disabilities, "Congress obviously knew the plain meaning of the terms it employed in statutes of this kind, and when it wished to create an exception for an expunged conviction, it did so expressly." *Id.* That sentence obviously is also dicta, but it weighs against the position offered by appellant. Applying that dicta leads to the conclusion that if Congress had wished to empower the court to "expunge" as opposed to "set aside," it would have said so. In any event, weighing the dicta favorable to appellant against that unfavorable to his position, we find nothing that empowers this court to override the precedent from *Wacker*.

The rest of appellant's argument consists largely of ambiguous legislative history. The government counters with other interpretations of the same history and with the fact that a majority of circuits are in agreement with *Wacker*. None of this changes our conclusion. *Wacker* controls. The FYCA empowers the court to "set aside" convictions and furnish the defendant with a certificate to that effect. This is beneficial to the defendant as it absolves him of some consequence of the prior conviction. It does not expunge it.

As we have concluded that Congress in the FYCA did not grant the district court jurisdiction to grant the relief prayed, that is, expungement of the conviction, Tokoph is out of court unless he can demonstrate some other ground of jurisdiction. In *United*

8

*States v. Pinto*, 1 F.3d 1069 (10th Cir. 1993), as in the present case, we concluded that there was no statutory grant of jurisdiction to the district court to order expungement of a criminal conviction, and stated specifically, where there is "no statutory authority for the district court's expunction order . . . any authority to order expungement must stem from the inherent equitable powers of the court." *Id.* at 1070 (internal quotations and citations omitted). Relying on the language of *Pinto*, appellant asserts that the district court had jurisdiction to order the relief prayed in the present case under the theory of inherent equitable power. We begin with the observation that "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 946 (10th Cir. 2014) (internal quotation marks and citations omitted). When no statutory or constitutional provision is cited to support the jurisdiction of a federal court, a theory that such court has inherent authority over the proposed action is generally a weak reed.

In this case, appellant's reliance on *Pinto* illustrates just how weak is his support for the theory of inherent equitable jurisdiction. In *Pinto*, as in the present action, we considered the prayer of a litigant for expungement of a criminal conviction. As in this case, we concluded on the merits that the district court had rightly held that it was without power to grant the petition, and that "there was no statutory authority for the district court's expunction order." *Pinto*, 1 F.3d at 1070 (quoting *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991)). We did acknowledge that some "case law does support the notion that when a conviction is somehow invalidated, such as by a finding that it was

9

unconstitutional, illegal, or obtained through government misconduct, a federal court may, in appropriate cases, grant expungement." *Id.* at 1070. In *Pinto* we observed that there was no allegation that the defendant's conviction was "in any way improper." *Id.* We noted that her prayer for relief was based on the theory that she had "been punished enough, and that the presence of the conviction is unjustly interfering with her efforts to rebuild her life." *Id.* We held that "[a]bsent an allegation that the conviction was somehow invalid, Defendant's arguments that she had been punished enough are simply insufficient as a matter of law." *Id.*

Granted, Tokoph relies on the FYCA, not considered in *Pinto*, but now that we have ruled that it is unavailable as a jurisdictional grant of authority to expunge a conviction, he stands in exactly the same shoes as the convicted party in *Pinto*. It is clearly illustrative of just how weak is the reed of inherent equitable authority that Tokoph must resort to relying on a case that ruled against a claimant on exactly the same theory he advances. We follow *Pinto*. There is no applicable inherent equitable authority to grant expunction of a valid conviction.

We therefore affirm the decision of the district court that the FYCA does not empower courts to expunge convictions, and that there is no inherent equitable authority to grant the relief prayed in this case. We note that proceedings below were sealed at the request of appellant, who at the time still believed in the propriety of sealing his

10

conviction record.  Having determined that he is entitled to no such relief, we further

determine that there is no basis for sealing the record in this case and order it unsealed.[1]

*So ordered.*

---

[1] Appellant's motion to expand the record on appeal is denied.