Ralph Oden ANDERSON, Appellant,

v.

UNITED STATES of America,
Appellee.

Raymond L. REESE, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 7953, 7954.

United States Court of Appeals
Tenth Circuit.

April 22, 1965.

Cullen Y. Christenson, Provo, Utah, for appellants.

David K. Winder, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellants were found guilty by a jury on two counts of an indictment charging them jointly with forcible entry of two post offices in Utah with the intent to commit larceny in violation of 18 U.S.C.A. § 2115. The principal issues on this appeal surround the trial court's ruling on motions to suppress evidence.

Before arraignment the appellants moved to suppress certain items of evidence which were seized by Salt Lake City police and delivered to federal officers pursuant to a warrant. Among these items were several pieces of luggage removed from a motel room rented by appellants. Some of this luggage was

opened at city police headquarters and was found to contain United States postage stamps. The luggage from the motel included a Samsonite suitcase marked with the initials J.C. which was locked and not opened by the city officers. It was later delivered to federal officers in response to a search warrant. The motion also included a pair of shoes worn by appellant Anderson when jailed and given by him to the police several days later. The motion was also directed to the results of a search of a Mercury automobile parked at the motel, and a Dodge automobile occupied by appellants' wives at the time of and near the place of appellants' arrest. The city police officers did not have warrants for the entry into the motel and the removal of the luggage, nor for the seizure or search of the two automobiles. The trial court granted the motion to suppress as to all items removed from the motel except the United States postage stamps which were contained in the Samsonite suitcase referred to above. The evidence secured from the Dodge automobile and from appellant Anderson's shoes was also not suppressed.

The motion was renewed at the start of the trial, and was again denied. The stamps were thereafter introduced in evidence, and identified by fingerprints as being from one of the post offices entered. The Government also introduced in evidence chips of paint found in the trunk of the Dodge car to show a resemblance to paint from the safe removed from one of the post offices. The evidence as to the shoes showed that similar material from one of the safes adhered to the soles. Appellants moved for judgment of acquittal after the Government's case, it was denied, and the appellants rested without putting on evidence.

The record shows that the appellants were arrested in Provo, Utah, on a burglary charge, and were taken into custody together with their wives who were waiting in a Dodge automobile near the place of arrest. The Provo officers notified the Salt Lake City police that the children of appellant Anderson's wife were stay-

ing in a Salt Lake City motel room rented by appellants. The following day the officers entered the motel and found the children in the room. They were taken to a detention center in Salt Lake City, apparently on the ground that their surroundings endangered their welfare. U. C.A.1953 § 55–10–22. The officers also removed all the luggage and clothing from the motel room. They testified at the trial that the luggage was so removed for safekeeping. The motel room was rented by appellants for a period of time not disclosed in the record. It was entered, and the luggage and the children removed without a warrant. The children were given their belongings and the remainder of the luggage was taken to police headquarters. There some of the bags were opened and were found to contain a considerable number of postage stamps. The Samsonite bag in question was locked and was not opened by the city officers, but several days later, together with other luggage, it was delivered by them to the United States officers pursuant to a federal warrant. The Mercury automobile was removed without a warrant from the motel parking area and taken to the Salt Lake City police headquarters. It was also turned over to the federal officers as was the Dodge automobile which was occupied by the wives of the appellants at the time of appellants' arrest in Provo as described above. The appellants have not objected to the warrant used to search the Dodge.

The appellants make three principal points: (1) They assert it was error for the trial court to refuse to suppress the evidence (the postage stamps) from the Samsonite suitcase removed from the motel. (2) It was error to refuse to suppress all other evidence secured from appellants as a result of the wrongful seizure of the postage stamps. (3) It was error by the trial court to refuse to grant their motions for acquittal.

It is apparent from the record that the initial discovery by the Salt Lake City police of the United States postage stamps in the luggage from the appellants' motel room gave further impetus to the inves-

tigation of appellants as suspects for the post office entries. The suppression of the stamps first so found was agreed to by the Government. The suppression of the stamps subsequently found by the federal officers pursuant to a warrant in the Samsonite suitcase was not agreed to, and appellants' motion to suppress was denied as to these as above described.

The record shows that appellants were arrested on a burglary charge on April 19th. The children and the luggage were removed from the motel on the morning of April 20th. The postal inspector questioned the wife of one of appellants on April 20th, and he questioned appellants on April 21st. The affidavit supporting the search warrant used for the luggage is dated April 22nd. The postal inspector testified on the motion to suppress that the sheriff of the county where one of the robbed post offices was located told him that he had been advised by the Provo officers about noon April 20th that four persons had been arrested on a burglary charge who had come from Arizona, and they might be connected with the post office entries. The affidavit of this same postal inspector in support of the search warrant used to open the luggage describes a "conversation" the affiant had with the wife of one of the appellants on April 20th. This conversation includes a description of her seeing the opening by appellants of a safe of the general description of the one removed from one of the post offices. The affidavit also describes a "conversation" the postal inspector had with one of the children who accompanied appellants. This also includes a description of the witnessing of the opening of a safe by the same general description, and the seeing of postage stamps being handled by the men who opened the safe. It also describes the luggage the group was using, and the fact that rooms were rented at the described motel in Salt Lake City. The postal inspector testified he was advised by the Provo police officers on April 21st that the luggage of appellants contained postage stamps, and this appears to be his first information on this subject.

On the record before us, this affidavit is based on sources independent or separate from the search conducted by the Salt Lake City police officers. The appellants had the burden on the motion to suppress, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, and they have not demonstrated that the stamps in the bag in question nor the other evidence used from other sources was secured by an exploitation of the initial search of some of the luggage to come within Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. This conclusion having been reached, it is not necessary to decide whether the initial search of some of the other luggage by the Salt Lake City police was proper or not. The direct results of such search were suppressed.

The same conclusion must be reached as to the search of the Dodge automobile. The appellants made no objection to the warrant used for its search subsequent to its initial seizure made during the course of an arrest, and did not meet this burden below on their motion to suppress all evidence on the authority of Wong Sun v. United States, supra. There is no showing of an exploitation of the evidence secured by the initial search of the luggage whether such search be wrongful or not.

The record shows that appellant Anderson voluntarily gave his shoes to the police officers for examination. The evidence as to whether this was without limitation or was only for the burglary charge for which he was initially arrested is in conflict, and the trial court relied on the testimony of the sheriff and we find no error. McDonald v. United States, 307 F.2d 272 (10th Cir.). In any event consent was given and this is sufficient although another crime may be involved. United States v. Smith, 308 F. 2d 657 (2d Cir.).

The trial court's rulings on the motions to suppress were not in error.

On this appeal the appellants also urge that their motion for acquittal should have been granted; however, the

record demonstrates that there was sufficient evidence. Swallow v. United States, 307 F.2d 81 (10th Cir.).

Affirmed.