Ralph Oden ANDERSON and Raymond L. Reese, Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 8860, 8846.

United States Court of Appeals Tenth Circuit.

Oct. 7, 1966.

Rehearing Denied Nov. 30, 1966.

John E. Archibold, Denver, Colo., for appellants.

M. R. Barnes, Jr., Asst. U. S. Atty., Salt Lake City, Utah (William T. Thurman, U. S. Atty., on brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Petitioners bring this consolidated appeal from denial without hearing of their respective § 2255 motions.

Anderson and Reese were jointly charged, tried and convicted by a jury on two counts of an indictment charging burglary of the United States Post Offices in Elsinore and Centerfield, Utah, in violation of 18 U.S.C. § 2115. Each was sentenced to five year consecutive terms on each count. On appeal the judgment was affirmed, Anderson v. United States, 10 Cir., 344 F.2d 792.

In this collateral proceedings petitioners complain for the first time of denial of their constitutional right to effective assistance of counsel when the trial judge required them to sit in the jury box, separate and apart from their retained counsel, during the hearing on their Motion for the Return of Seized Property and for the Suppression of Evidence. The argument is that this was a critical stage of the proceedings against them and that by the trial court's ordering them to sit in the jury box, they were precluded from conferring with their counsel throughout the entire hearing and were thus unable "to plan defense strategy in privacy and independently of interference or dictation by the court", i. e. see United States ex rel. Darcy v. Handy, 3 Cir., 203 F.2d 407, 427.

In the first place there is nothing in the record to indicate that any objection was raised to petitioners' being seated in the jury box or that a request was ever made that they be seated with counsel. Moreover, the record shows that on several occasions during the hearing the defendants conferred with their counsel and that the court inquired whether they wished to confer further, advising them they could talk with counsel outside the courtroom if they so desired.

Complaint is also made of the trial court's failure to conduct an evidentiary hearing on the question whether petitioners were denied the effective assistance of counsel. General conclusory allegations to this effect impose no obligation upon the trial court to conduct a hearing. Rivera v. United States, 9 Cir., 318 F.2d 606; Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

The judgments are affirmed.