Ralph Oden **ANDERSON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 307–70.

United States Court of Appeals,
Tenth Circuit.

June 16, 1971.

Edwin L. Felter, Jr., Santa Fe, N. M., for appellant.

H. Ralph Klemm, Asst. U. S. Atty. (C. Nelson Day, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS, Chief Judge, ADAMS,* Circuit Judge, and BROWN, District Judge.

PER CURIAM.

Appellant Anderson appeals from summary denial, without hearing, of his motion to vacate judgment brought under 28 U.S.C. § 2255. The motion was predicated on newly discovered evidence in the form of an affidavit by a fellow inmate, Joseph Dougherty, stating that he (Dougherty) and one John Fleckinstind, perpetrated one of the crimes for which appellant and a co-defendant were *convicted and sentenced.* The motion was denied by the trial court in a brief order reciting that the court had reviewed the trial record and concluded that the court had imposed a lawful sentence with jurisdiction so to do and "that no other facts are alleged which would support the petition." The single issue presented is whether conclusory summary procedure is a proper method for rejection of appellant's petition.

Appellant and a co-defendant, Reese, were convicted in 1964 of two counts of Post Office burglary in violation of 18 U.S.C. § 2115 and sentenced to five years on each count, the terms to run consecutively. This court affirmed the convictions, 344 F.2d 792, cert. denied, 382 U.S. 880, 86 S.Ct. 169, 15 L.Ed.2d 121. *See also* Anderson v. United States, 10 Cir., 367 F.2d 553, cert. denied, Reese v. United States, 386 U.S. 976, 87 S.Ct. 1172, 18 L.Ed.2d 137 and 386 U.S. 1025, 87 S.Ct. 1385, 18 L.Ed.2d 467, rehearing denied, 387 U.S. 926, 87 S.Ct. 2040, 18 L.Ed.2d 986.

■ Claims of newly discovered evidence usually fall within the contours of Fed.R.Crim.P. 33. If so governed here however the claim would be untimely as not coming within the two-year limitation, here two years after the mandate of affirmance from the appellate court. The motion can however be properly entertained under § 2255. *See* Kaufman v. United States, 394 U.S. 217, 227, 89 S.Ct. 1068, 22 L.Ed.2d 227, applying Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770, to federal prisoners. No one can doubt that a true confession by a stranger to the crime for which appellant has been convicted can be the basis for judicial relief for "[c]onventional *notions of finality of litigation have no* place where life or liberty is at stake and infringement of constitutional rights is alleged." Sanders v. United States, 373 U.S. 1 at 8, 82 S.Ct. 1068 at 1973, 10 L.Ed.2d 148.

■■ Dougherty in his affidavit of confession details his participation of the crime for which appellant stands convicted, exonerates appellant completely, and states that he (Dougherty) "will shoulder my own burden if such is necessary."[1] Since this confession is not part of the original files and records of appellant's trial the district court could not conclusively determine from those records alone that appellant was entitled to no relief. That court is not, however, bound to grant an evidentiary hearing upon a frivolous or incredible allegation of newly discovered evidence. Townsend v. Sain, *supra.* And in rare cases, the trial record may be sufficient to support a finding that a collateral

* Of the Third Circuit, sitting by designation.

1. See Appendix.

confession is patently frivolous and incredible. The trial court made no such finding here but rejected the confession only as a fact incapable of supporting appellant's petition. We conclude that the case must be remanded to the trial court for a documented factual determination as to whether Dougherty's confession is true. The trial court may well determine that an evidentiary hearing is required for such purpose. If Dougherty's confession is true, appellant's conviction should be vacated; if not, Dougherty has abused the judicial process and is or may become subject to prosecution for perjury.

The case is remanded for further proceedings in accord with this opinion.

## APPENDIX

COUNTY OF WILLIAMSON ⎫
STATE OF ILLINOIS ⎬ ss. AFFIDAVIT
 ⎭

I, JOSEPH W. DOUGHERTY, being first duly SWORN, according to law, depose and say:

1. That on or about April 19, 1964, I and another person by the name of John Fleckinstind, burglarized the Elsinore, Utah, Post Office.

2. That we made entry into said Post Office by taking the screen off of the rear window, and with the use of a large screwdriver pried the window up and open. Upon crawling through the window we entered into a back room, and from there we went into an outer room where we found a large safe against the rear wall and near the center of the room.

3. While I attempted to punch the safe by knocking the dial off, John Fleckinstind went through the drawers of the desks' and counter.

4. I was unable to punch the pin out of this safe, so we pulled it out from the wall at an angle, and started "Peeling" it from the upper laft-hand corner. Even with the use of a 3-foot crow-bar and heavy hammer, we were having a hard time "Peeling" the safe because the gauge of metal was fairly thick; about 35 or 40 minutes after we entered the Post Office we had to leave because we seen lights come on in a home acrouse the highway from the Post Office. We had been making a good deal of noise, and when these lights went on in this house we figured that our noise had been heard, as it was around 1:00 A.M.

In leaving the Post Office we went out the back way through twoo doors. We had our car parked at a service station just behind the Post Office. I cannot now recall the name of the service station; it has been over five (5) years since this took place. However, I am familiar with the towns ect., to an extent within a hundred mile radius or so of Salt Lake City, Utah, because I have been to Salt Lake City on a number of trips, and capered in the general area; after we left the Post Office we drove back to Salt Lake City, turned in the rented car at the rental agency, and flew to Los Angeles, California.

5. I do not know where John Fleckinstind is now, but he should not be hard to locate because he has been in prison before, so he has a criminal record and can be traced by it.

6. Upon my arrival at the U.S. Penitentiary, Marion, Illinois, I met a friend of mine (Jerry C. Rush), whom I have known for many years, he in turn introduced me to another friend of his (Robert Joe Robins). One evening during yard period, I began relating the various capers (crimes) I had been involved in over the past few years. "As is the general trend in prison", and I brought up the Elsinore, Utah caper just for laughs.

7. Several days later Robert Joe Robins and Jerry Rush introduced me to a guy by the name of Ralph Oden Anderson, "nick named Andy". Robert said

Andy had been a friend of his for many years, and that after I had related the Elsinore caper to him (Robert Joe Robins) and Jerry C. Rush, the other night, he had went and told Andy about it, because he knew that Andy had been convicted and sentenced to five years for a burglary in connection with the Elsinore, Post Office in 1964, which of course now turns out he did not do.

8. I am now making this statement because of the fact that Ralph Oden Anderson is now imprisoned for a crime that I and John Fleckinstind committed. However, I openly admit that I would not have given this affidavit if Ralph Oden Anderson were not a close friend of Robert Joe Robins, who inturn is a close friend of Jerry C. Rush, who happens to be one of the closest friends I have in this world, because I do not desire to receive more time in prison than I already have. But under the circumstances I consider it only right that I not allow another man to suffer imprisonment for a crime that I and John Fleckinstind committed; therefore, I will shoulder my own burden if such is necessary.

9. I am making this affidavit of my own free will, and in all fairness to Ralph Oden Anderson. No pressure, threats, intimidation, promises or rewards has been applied or offered to extract the foregoing facts from me. And I attest, UNDER OATH, that the above and foregoing related facts are true and correct by affixing my signature hereon, and having it SUBSCRIBED and SWORN to before a United States Parole Officer here at the United States Penitentiary, who is a Notary Public.

Further Affiant Saith Not.

/s/ Joseph W. Dougherty

JOSEPH W. DOUGHERTY—Affiant

SUBSCRIBED and SWORN to before me this 24 day October , 1969.

/s/ James W. Tuppy

U. S. PAROLE OFFICER (NOTARY)

(Copied from the original.)