991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Joseph "Liam" HUTCHINSON, Defendant-Appellant.
 No. 92-1268.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1993.
 
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant William Hutchinson appeals from the district court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. We affirm, though for reasons different from those stated by the district court.
 
 
 3
 Mr. Hutchinson was convicted in 1990 of two counts of securities fraud and thirteen counts of mail fraud related to his involvement in marketing investment securities in the mid-1980s. He was sentenced to two consecutive five-year terms. He then filed a direct appeal of his convictions to this court (No. 90-1382). During his trial and during the initial stages of his direct appeal, Mr. Hutchinson was represented by the federal public defender. After Mr. Hutchinson informed the public defender that he was considering the possibility of raising on appeal a claim of ineffectiveness of trial counsel, the public defender moved this court to withdraw because of the conflict of interest. We denied the public defender's initial motion, stating that ineffectiveness of trial counsel should not be raised on direct appeal and citing Beaulieu v. United States, 930 F.2d 805, 806-07 (10th Cir.1991) (preferred avenue for challenging adequacy of defense counsel is by collateral attack under § 2255 because trial court record without supplementation is generally inadequate to analyze claim). Upon the public defender's motion for reconsideration and after Mr. Hutchinson filed a pro se motion requesting appointment of new counsel, we granted the public defender's motion and appointed new counsel for Mr. Hutchinson.
 
 
 4
 Mr. Hutchinson's new counsel filed the opening brief in the direct appeal on September 16, 1991, and argued only issues involving the use at trial of Mr. Hutchinson's prior convictions for embezzlement including whether Mr. Hutchinson had a duty to disclose his prior convictions when marketing investment securities. Citing Beaulieu and this court's order, the brief stated that the effectiveness of counsel issue was not being raised because it would require a further evidentiary hearing in the district court. On November 27, without stating any reasons, Mr. Hutchinson filed his motion to voluntarily dismiss the appeal. After the government filed its response brief, we granted Mr. Hutchinson's motion and dismissed the appeal.
 
 
 5
 Mr. Hutchinson then filed in the district court a motion for reduction of sentence under Fed.R.Crim.P. 35. We affirmed the district court's denial of that motion. United States v. Hutchinson, No. 92-1041 (10th Cir. Aug. 17, 1992) (Order and Judgment).
 
 
 6
 Prior to our ruling on the Rule 35 motion, Mr. Hutchinson filed the subject § 2255 motion in the district court. In this motion he raised seven issues, most of which are closely related: (1) whether the government's use in impeaching the testimony of Mr. Hutchinson's attorney of a letter allegedly stolen from the attorney's files violated the attorney-client privilege; (2) whether the government's failure to disclose the name of the party who allegedly stole the letter and the method used to steal it violated Brady v. Maryland, 373 U.S. 83 (1963), and whether the fact that other documents were also allegedly stolen constitutes newly discovered evidence requiring a new trial; (3) whether the government's alleged failure to disclose requested information under Brady prevented Mr. Hutchinson from preparing for a fair trial; (4) whether his trial counsel was ineffective for failing to interview and call certain witnesses, failing to assert the attorney-client privilege over the allegedly stolen letter, failing to raise a Fourth Amendment issue regarding the letter, and failing to cross-examine certain government witnesses who allegedly perjured themselves; (5) whether the government's failure to give notice that it was considering imposing an order of restitution invalidated that order; (6) whether the use of the allegedly stolen letter at trial constituted prosecutorial misconduct; and (7) whether he had a duty to disclose his prior convictions in marketing the investment securities.
 
 
 7
 The district court found that all of these issues should have been raised in Mr. Hutchinson's direct appeal that he voluntarily dismissed. It held that his failure to raise nonconstitutional issues on direct appeal barred their collateral review. It found that he had not shown either cause or prejudice for failing to raise the constitutional issues. Stating that "it appears as though defendant consciously elected to abandon his appeal in order to pursue his [Rule 35] motion," the court denied his § 2255 motion. R.Doc. 4 at 2. Mr. Hutchinson filed a motion to reconsider in which he argued that his failure to raise the "relevant" issues was due to the ineffectiveness of his appellate counsel. Because his counsel did not include these issues in his opening brief, Mr. Hutchinson elected to terminate his counsel, withdraw his opening brief, and file the Rule 35 motion pro se. The district court summarily denied the motion for reconsideration.
 
 
 8
 On appeal Mr. Hutchinson contends that his trial counsel was ineffective for failing to interview or call certain witnesses and for failing to object to the use of the allegedly stolen letter on the bases of either attorney-client privilege or the government's misconduct. As in his motion for reconsideration, he contends that the reason these issues were not raised on his direct appeal was due to his ineffective appellate counsel. He requests that the case be remanded for an evidentiary hearing.
 
 
 9
 We agree with the district court that issues that could have been raised on direct appeal are generally barred from review under § 2255 unless the defendant can show cause and resulting prejudice. United States v. Walling, 982 F.2d 447, 448-49 (10th Cir.1992). However, we disagree that that rule is applicable to Mr. Hutchinson's claim of ineffective assistance of counsel. During his direct appeal we told Mr. Hutchinson that ineffectiveness of counsel should not be raised on direct appeal. Mr. Hutchinson stated in his direct appeal brief that in light of Beaulieu and the need for an evidentiary hearing on the ineffectiveness issue, he was not presenting the ineffectiveness claim. In discussing in Beaulieu why ineffectiveness claims should generally not be raised on direct appeal, we stated that "[t]his encourages development of a record on the tactical reasons for trial counsel's decisions, the extent of trial counsel's alleged deficiencies, and the asserted prejudicial impact on the outcome of the trial." 930 F.2d at 807. Though the procedural bar may apply to ineffectiveness "claims that clearly should have been brought on direct appeal," id. at 807-08, it obviously cannot apply here. The district court erred in denying Mr. Hutchinson's claim of ineffective assistance of counsel on that basis.
 
 
 10
 We therefore turn to the merits of Mr. Hutchinson's claim of ineffective counsel. To prevail on an ineffectiveness claim, Mr. Hutchinson must show not only that his counsel's performance fell below an objective standard of reasonableness, but also that there is a reasonable probability that but for his counsel's substandard performance he would have prevailed. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). We need not determine whether counsel's performance was deficient before analyzing a defendant's claim of prejudice. Id. at 697; see also United States v. Miller, 907 F.2d 994, 1002-03 (10th Cir.1990).
 
 
 11
 To decide whether Mr. Hutchinson is entitled to an evidentiary hearing, we must first determine whether his allegations, if proved, would entitle him to relief. See United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir.1992); Church v. Sullivan, 942 F.2d 1501, 1510 (10th Cir.1991); United States v. Barboa, 777 F.2d 1420, 1422 (10th Cir.1985). These allegations must be more than mere conclusory allegations unsupported by specifics. Eskridge v. United States, 443 F.2d 440, 443 (10th Cir.1971) (conclusory allegations impose no obligation to hold hearing); Anderson v. United States, 367 F.2d 553, 554 (10th Cir.1966), cert. denied, 386 U.S. 1025 (1967); see also Hopkinson v. Shillinger, 866 F.2d 1185, 1211 (10th Cir.1989) (same rule applies in § 2254 proceedings). For claims of ineffective assistance of counsel under Strickland, the allegations must necessarily show how Hutchinson was prejudiced and that there is a reasonable probability he would have prevailed had counsel done what he now claims should have been done.
 
 
 12
 We conclude that Mr. Hutchinson failed to allege the prejudice necessary under Strickland in other than conclusory, nonspecific fashion and that his ineffectiveness claims must therefore be denied. He has not made any specific allegations of how use of the allegedly stolen letter prejudiced him; he does not explain what testimony was elicited from his attorney through use of this letter or how that testimony affected his case and altered the result. Similarly, Mr. Hutchinson in only conclusory terms contends that the theory of the government's case was that he and Robert Steele were acting in concert and that his trial counsel "failed to call Mr. Steele or a variety of other witnesses who could have and would have countered the allegations that Steele and the defendant were acting in concert." Appellant's Br. at 6. Again, this conclusory allegation is not enough to entitle Mr. Hutchinson to a hearing.[1]
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We recognize that Mr. Hutchinson's pro se pleadings should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). This liberal construction is insufficient, however, if his pleadings are conclusory and fail to allege specific facts to support his motion for relief. See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985)