19 F.3d 1444
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gary B. HOBBS, Defendant-Appellant,
and
Patrick CASEY, Superintendent, Millington Federal Prison
Camp; Bureau of Prisons, Third-Party-Defendants.
 No. 93-5048.
 United States Court of Appeals, Tenth Circuit.
 March 30, 1994.
 
 1
 Before LOGAN and SETH, Circuit Judges, and KELLY,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Gary B. Hobbs appeals the district court's denial of his motion to vacate his sentence, which he filed pursuant to 28 U.S.C. 2255. On June 4, 1991, Hobbs was convicted, following a guilty plea, of eighteen counts of defrauding a federally insured financial institution, embezzlement of funds, and money laundering. On September 10, 1991, he was sentenced to a term of ninety months' imprisonment on each count, to run consecutively.
 
 
 4
 In this appeal, Hobbs raises three identifiable groups of claims. First, he maintains his guilty plea was not knowing and voluntary because, among other reasons, his counsel misrepresented his likely sentence and the government threatened to prosecute his family if he did not plead the case. Second, he argues his conviction is invalid as a result of multiple improprieties occurring prior to the entry of his guilty plea. Finally, he challenges the district court's restitution order, arguing it does not reflect accurately the amount of loss attributable to Hobbs' alleged criminal activities. In addition to these claims, he also argues the district court erred in denying his requests for discovery.
 
 
 5
 At the outset, we must consider whether we may review these claims collaterally. A section 2255 proceeding may not be used to challenge the legality of matters which should have been raised on direct criminal appeal. United States v. Allen, No. 93-3264, 1994 WL 36147, at * 1 (10th Cir. Feb. 9, 1994). Hobbs did not file a direct appeal. Therefore, he must show cause and resulting prejudice sufficient to overcome the procedural bar. United States v. Walling, 982 F.2d 447, 448-49 (10th Cir.1992).
 
 
 6
 Hobbs maintains attorney error caused him to forfeit his direct appeal.[2] Specifically, he argues his trial counsel told him he could not appeal any issues until the government made its decision whether to file a Fed.R.Crim.P. 35 motion to reduce the sentence. He contends his attorneys told him on many occasions that a motion to reduce sentence was forthcoming. He states he relied to his detriment on this advice, which ultimately caused him to forfeit his appeal. He argues this dereliction constitutes cause sufficient to overcome the procedural bar.
 
 
 7
 Actual ineffectiveness of counsel can constitute cause sufficient to overcome a procedural bar. See Walling, 982 F.2d at 449. Hobbs must show, however, "not only that his counsel's representation fell below an objective standard of reasonableness, but also that there is a reasonable probability that but for the error, he would have prevailed." Id. Under both the cause and prejudice and ineffective assistance of counsel tests, therefore, Hobbs must show he would have prevailed on the merits of his claims. Id. (citing Belford v. United States, 975 F.2d 310, 314 (7th Cir.1992)). We conclude he cannot make this necessary showing.
 
 
 8
 Hobbs' first argument is that his plea was not knowing and voluntary. He argues 1) the plea was coerced through threats to prosecute his family, 2) that the government acted in bad faith because it did not give him the opportunity to provide assistance which would result in a Fed.R.Crim.P. 35 motion to reduce sentence, and 3) that his counsel was derelict in promising him leniency in sentencing and in failing to assist him during presentence interviews. None of these arguments are persuasive.
 
 
 9
 Hobbs has not provided the court with any specific facts showing his family was threatened if he did not plead guilty. On that basis alone, his argument lacks merit. See Anderson v. United States, 367 F.2d 553, 554 (10th Cir.1966), cert. denied, 386 U.S. 976, 1025 (1967); see also Robinson v. United States, 474 F.2d 1085, 1090 (10th Cir.1973)(the district court is not required to hold an evidentiary hearing where only conclusory allegations are submitted regarding ineffectiveness). Moreover, even if true, facts establishing that third persons received the benefit of the plea do not necessarily make it coercive. See Mosier v. Murphy, 790 F.2d 62, 66 (10th Cir.), cert. denied, 479 U.S. 988 (1986). Hobbs has not shown the government proceeded in bad faith or that the plea was, in fact, coercive. Consequently, his argument must fail.
 
 
 10
 Likewise, we reject Hobbs' argument that the government somehow breached a promise to file for a reduction in his sentence based on his cooperation in other investigations. The plea agreement states:
 
 
 11
 the United States does agree to fully apprise the Court of the nature and extent of Mr. Hobbs' cooperation or lack of cooperation with the possibility that the United States might file a Rule 35(b) motion for reduction of sentence, if in the government's unilateral opinion, such a motion is warranted based upon Mr. Hobbs' cooperation and assistance.
 
 
 12
 Rec. Supp. Vol. I, letter dated June 4, 1991, at 4 (emphasis added). This language speaks only to the possibility of a request for reduction. It contains no promises whatsoever. Hobbs signed the letter, acknowledging that it represented the sum total of the parties' agreement. Id. at 6-7. Because there is nothing in the record undermining the veracity of the agreement, we will consider it binding. See United States v. Gines, 964 F.2d 972, 979 (10th Cir.1992)(where defendant admits the plea embodies the agreement, it defines his rights), cert. denied, 113 S.Ct. 1023 (1993).
 
 
 13
 Hobbs also maintains the plea was unknowing because he was promised he would spend only nine months in prison, and, contrary to that understanding, he was ultimately sentenced to 90 months on each count, to run consecutively. Once again, the plea agreement states, with specificity, that the maximum penalty was 130 years' imprisonment andor a 25 million dollar fine. Rec. Supp. Vol. I, Petition to Enter Plea of Guilty and Order Entering Plea, at 2. Furthermore, the petition and order states "I know that the sentence I will receive is solely a matter within the control of the Judge. I hope to receive leniency, but I am prepared to accept any punishment permitted by law...." Id. at 3. Nothing in the record contradicts this language, and we will hold Hobbs to the agreement. See Gines, 964 F.2d at 979 ("purpose of a plea agreement is not to guarantee that the lower sentencing levels will be applied").
 
 
 14
 In addition, the allegations which Hobbs has made do not state a claim under the Sixth Amendment. His attorney's failure to estimate with certainty the length of his sentence does not rise to the level of ineffective assistance of counsel. United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir.1993)("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance ...."), cert. denied, No. 93-7799, 1994 WL 54209 (U.S. Mar.7, 1994). On this basis alone, he cannot satisfy the cause and prejudice standard necessary to overcome the procedural bar.
 
 
 15
 Hobbs also argues his counsel should have helped him more in presentence interviews. We are at somewhat of a loss as to how this allegation would affect the voluntariness of the guilty plea, but nevertheless address it here. This circuit has recognized that there is no Sixth Amendment right to counsel during presentence interviews. Id. at 1572. As a consequence, this challenge must fail, as well.
 
 
 16
 We turn now to the multiple challenges Hobbs has made to the proceedings preceding his guilty plea. By pleading guilty, Hobbs waived all nonjurisdictional defects. Gines, 964 F.2d at 977. We have already determined Hobbs' guilty plea was knowing and voluntary. Therefore, he has waived the additional claims he raises. See Kahl v. United States, 204 F.2d 864, 866 (10th Cir.1953)(through guilty plea, defendant admits all material facts alleged in the charge). Hobbs cannot prevail on the merits of these claims.
 
 
 17
 The only remaining claim is Hobbs' challenge to the loss calculation and the amount of restitution imposed. His argument is two-fold. First, he maintains generally that the district court used gross loss figures, rather than net loss figures, to calculate the appropriate amount. He argues he was unaware the amount would be so high. Second, he contends that the amount of restitution imposed exceeds the actual loss to the victims.
 
 
 18
 We have reviewed carefully the transcript from the sentencing hearing. During that hearing, the district court adopted the factual findings proposed in the presentence report. There, the government calculated the 10 million dollar loss figure. Apart from Hobbs' failure to object to that figure, he has not alleged any specific facts to show the actual amount is improper. He has merely made general allegations that losses were unintended or overestimated. On this record, we cannot find error in the district court's calculation.
 
 
 19
 Factual findings supporting a loss calculation are reviewed under a clearly erroneous standard. United States v. Smith, 951 F.2d 1164, 1166 (10th Cir.1991). Although it is the government's burden to prove loss, the amount need not "be calculated with exactitude." Id. at 1167 n. 5. Moreover, if the intended loss is greater than the actual loss, that figure may be used. Id. at 1166. Hobbs has not shown the district court's calculation, as proposed in the presentence report, is erroneous.
 
 
 20
 Hobbs' second argument, regarding the actual loss to the victims, is likewise without merit because he has waived it. The record reveals Hobbs failed to present this argument in the district court. He cannot raise it for the first time on appeal. Allen, 1994 WL 36147, at * 3. Therefore, we will not consider it.
 
 
 21
 Finally, Hobbs has made several objections to the district court's denial of his requests to conduct discovery. The decision whether to allow discovery in a 2255 proceeding is within the discretion of the trial judge. See Rule 6(a), Rules Governing 2255 Proceedings. On this record, we hold the court did not abuse its discretion in denying the discovery requests.
 
 
 22
 Hobbs has not shown he can prevail on the merits. Therefore, he cannot satisfy either the cause and prejudice standard or the ineffective assistance of counsel standard. We will, therefore, affirm the judgment. The motion to have court records made part of the record on appeal is DENIED, as it appears those documents were not part of the district court record. Likewise, the motion for release pending determination of pending appeal filed on March 15, 1994 is DENIED. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall enter forthwith.
 
 
 
 **
 Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The government argues Hobbs failed to raise this issue in the district court, and, as a result, he is barred from asserting it here. See Allen, 1994 WL 36147, at * 3. We disagree. Construing Hobbs' pro se 2255 motion liberally, as we must, we conclude that he did argue his failure to appeal was the result of the ineffectiveness of his counsel. Therefore, we consider this claim