59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gary B. HOBBS, Defendant-Appellant.
 No. 94-5185.
 D.C. No. 91-CR-18-E.
 United States Court of Appeals, Tenth Circuit.
 June 27, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Gary B. Hobbs, proceeding pro se, appeals from the denial of his second 28 U.S.C. 2255 motion seeking to vacate his sentence and guilty plea. We affirm.
 
 
 3
 Mr. Hobbs pled guilty to eighteen counts of embezzlement, fraud, and money laundering arising out of his activities involving Cross Road Savings and Loan Association, a federally insured financial institution. He was sentenced to ninety months imprisonment on each count, to run consecutively. He did not file a direct appeal.
 
 
 4
 Mr. Hobbs then filed his first pro se 28 U.S.C. 2255 action seeking to vacate his sentence. He appealed the denial of that motion to this court, and we affirmed. United States v. Hobbs, No. 93-5048, 1994 WL 101893 (10th Cir. Mar. 30, 1994). He then filed this second section 2255 proceeding, again seeking vacation of his sentence. The district court denied the petition, and Mr. Hobbs appeals.
 
 
 5
 Rule 9(b) of the Rules Governing Section 2255 Proceedings provides:
 
 
 6
 (b) Successive motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
 
 
 7
 We have carefully reviewed Mr. Hobbs first and second section 2255 motions, and we conclude that many of the arguments raised are sufficiently similar to bar review of those claims in the second action. See Sanders v. United States, 373 U.S. 1, 15 (1963); Andrews v. Deland, 943 F.2d 1162, 1172 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992). With respect to those claims which Mr. Hobbs did not raise in his first motion, but which he does raise in his second motion, we find that those claims constitute an abuse of the writ, because he has not "excuse[d] his failure to raise the issue[s] earlier by showing cause for failing to raise [them] and prejudice therefrom' or by showing that a fundamental miscarriage of justice would result from a failure to entertain the claim[s].' " United States v. Richards, 5 F.3d 1369, 1370 (10th Cir.1993) (quoting McCleskey v. Zant, 499 U.S. 467, 494-95 (1991)). We deny Mr. Hobbs' motions to supplement the record on appeal.
 
 
 8
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470