**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 26 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GARY B. HOBBS,

    Defendant - Appellant.

No. 97-5070

N.D. Oklahoma

(D.C. No. 93-CV-66-E)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

In July 1996, Gary B. Hobbs filed a motion to vacate his sentence, or in the alternative, a motion for correction of sentence, and a motion for release pending

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

proceedings, pursuant to 28 U.S.C. § 2255, in the district court. The district court determined that Mr. Hobbs' motion lacked merit and denied it in March 1997. Mr. Hobbs' July 1996 motion is his third successive motion for relief under § 2255.[1]

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[2] a second or successive motion for relief under § 2255 is not permitted to be filed in the district court until "the applicant [moves] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A), 2255. In the present case, Mr. Hobbs

---

[1]Although he filed no direct appeal, Mr. Hobbs filed two previous § 2255 petitions in January 1993 and May 1994. These motions were denied by the district court in February 1993 and December 1994 respectively, and each dismissal was approved by this court. See United States v. Hobbs, No. 93-5048, 1994 WL 101893 (10th Cir. Mar. 30, 1994); United States v. Hobbs, No. 94-5185, 1995 WL 378434 (10th Cir. June 27, 1995).

In addition, Mr. Hobbs brought actions pursuant to 18 U.S.C. § 1964(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and various pendent state claims, which were combined in Hobbs v. Security National Bank of Sapulpa, Okla., Nos. 93-5149, 93-5150, 1995 WL 7443 (10th Cir. Jan. 9, 1995). This court affirmed the district court, agreeing that Mr. Hobbs had failed to allege acts sufficient to meet the legal requirements for stating civil RICO claims. He also brought claims challenging the civil forfeiture of his house, its contents, and his car, which this court concluded were waived by Mr. Hobbs' failure to file specific objections to the magistrate judge's report and recommendation. United States v. One Parcel of Real Property et al., 73 F.3d 1057 (10th Cir.), cert. denied, 117 S. Ct. 271 (1996). Two other cases, Nos. 93-5257 and 93-5258, were terminated procedurally for lack of jurisdiction.

[2]The AEDPA applies in this case because petitioner filed this § 2255 motion in the district court after the effective date of the Act, April 24, 1996. See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *3 n.2 (10th Cir. Oct. 1, 1997).

did not request permission from this court to file his third § 2255 motion in the district court but proceeded instead to file his motion directly with the district court. Consequently, the district court lacked jurisdiction to entertain the motion, and we must vacate its order denying Mr. Hobbs' motion for relief under § 2255.

Although we could remand this action for the district court to enter an order transferring the action back to this court for proper authorization,[3] we find that such action would be a waste of judicial resources. Hence, because this appeal from the district court's dismissal of Mr. Hobbs' motion is more properly considered to be an application for leave to file a successive § 2255 motion, we will construe it as such and proceed to determine whether Mr. Hobbs should be permitted to file a second or successive § 2255 motion in the district court. See Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997) (treating appellant's notice of appeal and appellate brief as an implied application to file a successive petition pursuant to 28 U.S.C. § 2254).

The court of appeals may authorize the filing of a second or successive § 2255 motion only if a three judge panel certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[3]When the § 2255 petition was filed in district court without the required appellate court authorization, the district court should have transferred the petition to this court pursuant to 28 U.S.C. § 1631. Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3).

In his brief, Mr. Hobbs argues he is entitled to relief under § 2255 for the following reasons: (1) since his last petition, he has received new evidence which demonstrates that he is not guilty of the crimes to which he pled guilty; and (2) he improperly received a sentence enhancement pursuant to § 3B1.1 of the Sentencing Guidelines for his "leadership role" in the offense. See Appellant's Br. at vi.

We conclude that the new evidence acquired by Mr. Hobbs is irrelevant in light of our earlier finding that his guilty plea was knowing and voluntary. See United States v. Hobbs, No. 93-5048, 1994 WL 101893, at *3 (10th Cir. Mar. 30, 1994). By pleading guilty, Mr. Hobbs waived all nonjurisdictional defects. United States v. Gines, 964 F.2d 972, 977 (10th Cir. 1992); see also Mabry v. Johnson, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.").

Furthermore, Mr. Hobbs' argument regarding his sentencing enhancement is procedurally barred. If it is true, as the government asserts, that Mr. Hobbs raises this issue for the first time in this motion, see Appellee's Br. at 3, then his

claim is barred by Rule 9(b) because he could have raised this issue in his first or second motions for relief under § 2255.[4]  See United States v. Richards, 5 F.3d 1369, 1370 (10th Cir. 1993).  And if, as Mr. Hobbs asserts, he raised the sentencing issue previously in his second § 2255 motion, see Appellant's Br. at 4, then his claim is barred by this court's decision that the claims in his second

---

[4]The district court properly found that because this is a "successive § 2255 petition," Rule 9(b), Rules governing Section 2255 Proceedings, applies.  R. Vol. I, Order of the United States District Court for the Northern District of Oklahoma, March 6, 1997, at 2.  Rule 9(b) states:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds for relief are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Rule 9(b), Rules governing Section 2255 Proceedings; see also Richards, 5 F.3d at 1370 ("The abuse of the writ doctrine prohibits [a] second § 2255 motion unless [petitioner] excuses [the] failure to raise the issue earlier by showing 'cause for failing to raise it and prejudice therefrom' or by showing that a 'fundamental miscarriage of justice would result from a failure to entertain the claim.'") (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)).  In its response to Mr. Hobbs' motion, the government met its burden of pleading abuse of the writ as required by McCleskey.  See McCleskey, 499 U.S. at 494; R. Vol. I, Government's Response to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, at 1-5.

motion constituted an abuse of the writ.[5] <u>United States v. Hobbs</u>, No. 94-5185, 1995 WL 378434, at *1 (10th Cir. June 27, 1995).

We conclude that Mr. Hobbs has not made a prima facie showing satisfying the AEDPA's requirements for a successive § 2255 motion; therefore, his motion for permission to file successive § 2255 petitions is DENIED. The district court's order denying Mr. Hobbs' § 2255 motion is VACATED, and we REMAND to the district court with instructions to DISMISS Mr. Hobbs' July 1996 § 2255 motion.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[5]In addition, Mr. Hobbs' argument regarding sentencing is without merit. Although it is true that we have held that retroactive application of the November 1990 amendment to § 3B1.1 to the disadvantage of a defendant violates the Ex Post Facto Clause, <u>see</u> <u>United States v. Saucedo</u>, 950 F.2d 1508, 1516-17 (10th Cir. 1991), <u>overruled on other grounds by</u> <u>Stinson v. United States</u>, 508 U.S. 36 (1993), the Ex Post Facto Clause is not implicated here. The 1990 amendment interpreted § 3B1.1 to allow courts to consider a defendant's role in conduct other than that for which he was convicted, effectively overruling our holding in <u>United States v. Pettit</u>, 903 F.2d 1336, 1341 (10th Cir. 1990). However, Mr. Hobbs' Presentence Report indicates that his § 3B1.1 enhancement was based on conduct for which he pled guilty, not "conduct other than that for which he was convicted." <u>See</u> Presentence Report ¶ 2 (stating that as part of the plea agreement, the parties agreed that Mr. Hobbs acted as an "organizer, leader, manager, and supervisor of any criminal activity."). Therefore, the 1990 amendment was not used in any way to the detriment of Mr. Hobbs, and the Ex Post Facto Clause was not violated.